959 F.2d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eunice JUSTICE, Plaintiff-Appellant,
v.
STATE OF KENTUCKY; Charles E. Lowe, Jr., Pike Circuit
Judge; Phil A. Stalnaker, Attorney, Kentucky Berwind Land
Company; Pike Circuit Clerk's Office; Betty Prater
Justice, Clerk, Pike Circuit Court; Kentucky Berwind Land
Company; John C. Scott, Clerk, Supreme Court of Kentucky;
J. William Howerton, Judge, Kentucky Court of Appeals;
Michael O. McDonald, Judge, Kentucky Court of Appeals; Pike
County Fiscal Court, Defendants-Appellees.
 No. 91-5596.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1992.
 
 Before KENNEDY and BOGGS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 ORDER
 Eunice Justice moves for miscellaneous relief and appeals the district court's order denying her Fed.R.Civ.P. 60(b) motion to vacate that court's previous order dismissing her civil rights complaint brought pursuant to 42 U.S.C. §§ 1983, 1985 and 1986.
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 Justice claimed that the defendants violated her due process and equal protection rights by conspiring to deprive her of fair judicial proceedings in her various Kentucky state court actions. In those cases, Justice sought to establish that she has mineral rights on her Kentucky property. The defendants are the State of Kentucky, Pike Circuit Judge Lowe, an attorney for the Kentucky Berwind Land Company and the Company itself, the Pike Circuit Court Clerk and office, the Clerk of the Kentucky Supreme Court, Kentucky Court of Appeals Judges Howerton and McDonald, and the Pike County Fiscal Court. Justice requested damages.
 
 
 1
 After reviewing the magistrate judge's report and recommendation, the district court dismissed the case as Justice failed to establish that her constitutional rights were violated and because the Commonwealth, the judge and the court clerk were immune from a suit for damages. Justice raises the same arguments on appeal, and also argues that the magistrate judge improperly "intercepted" her complaint and dismissed the case before service upon the defendants.
 
 
 2
 Justice's argument on appeal that the magistrate judge improperly "intercepted" her complaint and dismissed the case before service upon the defendants is meritless. The case was properly referred to the magistrate judge for initial consideration as to whether process should issue. See 28 U.S.C. § 636(b)(1)(B); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir.1985).
 
 
 3
 We conclude that the district court correctly denied the Fed.R.Civ.P. 60(b) motion, and correctly dismissed the case. Accordingly, for the reasons stated in the February 22, 1991, Magistrate Judge's Report and Recommendation, as adopted by the district court in its March 26, 1991, order, the district court's order of April 22, 1991, is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit. The motion for miscellaneous relief is denied.